JAMES HASLAM *et al.*

*v.*

THE GALENA AND SOUTHERN WISCONSIN R. R. Co.

| 64 | 353 |
| 126 | 53 |
| 64 | 353 |
| 141 | 496 |
| 64 | 353 |
| 149 | 161 |
| 149 | 463 |
| 64 | 353 |
| 156 | 103 |
| 64 | 353 |
| 169 | 338 |
| 64 | 353 |
| f185 | 13 |

1. EMINENT DOMAIN *under act of* 1872—*construction of section* 6 *of the statute, providing for summoning a special jury.* A petition to condemn the right of way for a railroad, under the Statute of Eminent Domain of 1872, was presented to the county judge, in vacation, on the 12th of July, who thereupon indorsed an order setting the case for hearing on the 24th of July, and directing the clerk to issue a summons, returnable on that day. The clerk so issued the summons, and also a *venire* for a jury, returnable on the same day. The regular term of court begun on the 15th of July and continued until after the 24th, when the damages were assessed by the special jury. It was contended that the case should have been tried by the regular jury, because it was in fact heard in term time, which position was based on the first few words of section 6 of the statute. The section reads as follows: " In cases fixed for hearing in vacation, it shall be the duty of the clerk," etc., proceeding to provide for summoning a jury: *Held*, that this language should be construed with reference to the fact that the hearing is fixed and the order therefor made in vacation, and not with reference to the day appointed for the hearing, the construction being as if the statute read: " In cases fixed in vacation for hearing."

2. SAME — *challenge to the array — whether should have been allowed.* The party whose land was sought to be condemned objected to the array of jurors, and supported his challenge by an affidavit showing that the 64 jurors were all selected from four out of 22 towns in the county; that these four towns were greatly interested in behalf of the road, and that one of the jurors was a stockholder and two of them not freeholders, as required by the special statute. The affidavit further showed that a large number of the inhabitants of the four towns from which the 64 persons were chosen were subscribers to the stock, and that many had given the right of way: *Held*, that the facts set up in the affidavit not being controverted, showed that the 64 persons from whom the jury was to be drawn had been unfairly selected by the clerk, and that they furnished sufficient reasons for allowing the challenge.

3. SAME—*measure of damages for land taken.* The true test as to the damages to be paid for land taken, is its market value, but in estimating the damages reference may be had not merely to the uses to which the land is actually applied, but its capabilities, so far as they add to its market value, may also be taken into consideration. If the land has a mine

23—64TH ILL.

354          HASLAM *et al. v.* G. & S. W. R. R. Co.   [Sept. T.,

Opinion of the Court.

under its surface, that fact may be considered if the mine adds to the market value of the land, even though such mine has never been used. So of a water power, even though it has never been utilized.

APPEAL from the Circuit Court of Jo Daviess county.

Messrs. D. & T. J. SHEEAN, for the appellants.

Mr. L. SHISSLER, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a proceeding on the part of the appellee to condemn a right of way under the Statute of Eminent Domain, passed at the last session of the legislature. The petition by which it was commenced was presented to the county judge, in vacation, on the 12th of July. He thereupon indorsed an order setting it for hearing on the 24th of July, and directing the clerk to issue a summons, returnable on that day. The clerk did so, and also issued a *venire* for a jury, returnable on the same day.

The first point made by the counsel for appellant is that this was error, because the regular term of court began on the 15th of July and continued until after the 24th, when the damages were assessed by the special jury. It is insisted that the case should have been tried by the regular jury, because it was in fact heard in term time. This position is based on the first few words of section 6 of the statute, which are as follows: "In cases fixed for hearing in vacation, it shall be the duty of the clerk," etc., the section proceeding to provide for summoning a jury. We are, however, of opinion that this language is to be construed with reference to the fact that the hearing is fixed and the order therefor made in vacation, and not with reference to the day appointed for the hearing. The construction should be as if the statute read: "In cases fixed in vacation for hearing." This construction is not at all forced, and is much more convenient,

practically, than the other, and we must suppose it to be the one intended by the legislature. The statute requires the summons to be served more than 10 days before the hearing, and it would be impossible, under the construction contended for by appellants' counsel, that the clerk should always know whether the return day would be during term time or not, and he would, in such cases, be unable to determine whether he should issue a special *venire* or not. The better construction is that, when the petition is filed in vacation, the whole proceeding should be regarded as a proceeding in vacation, notwithstanding an intervening term, unless the parties agree to accept the regular jury.

The challenge to the array should have been allowed. The affidavit shows that the 64 jurors were all selected from four out of 22 towns in the county; that these four towns were greatly interested in behalf of the road, and that one of the jurors was a stockholder, and two of them not freeholders, as required by the special statute. The affidavit further shows that a large number of the inhabitants of the four towns from which the 64 persons were chosen were subscribers to the stock, and many had given the right of way. The facts set up in the affidavit were not controverted. They show the 64 persons from whom the jury was to be drawn had been unfairly selected by the clerk, and furnish sufficient reasons for allowing the challenge.

The evidence offered by appellants in regard to the existence and value of a water power and mill site on the property taken should have been received. The position of appellee's counsel, that the value of the land is to be estimated only with reference to the uses to which it is actually applied, is not tenable. Of course the true test as to the damages to be paid, is the market value of the land. Witnesses are called, who give their opinion as to what the market value is. They may be, with great propriety, asked in what the value consists, and may state: not only the actual uses of the land, but its capabilities, so far as they add to its market value. If

the land has a mine under its surface, the fact may be stated, if the mine adds to its market value, even though such mine has never been worked. So of a water power, even though it has never been utilized.

There are some other questions raised in the argument, but as they will not arise on another trial, it is not necessary to notice them. The county judge, if he retains his stock, will of course change the venue if application is made before the trial is begun.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*