# Alanson Reed

*v.*

## The Ohio and Mississippi Railway Company.

### *Filed at Mt. Vernon June 16, 1888.*

1. Eminent domain—*power to be strictly pursued.* The taking of private property by the exercise of the right of eminent domain is in derogation of common right, and the grant of power for its exercise must be strictly followed.

2. Same—*when the power may be exercised—parties unable to agree as to compensation.* The right to condemn land for railway purposes is given by the statute only when the compensation to be paid for or in respect of the property sought or damaged can not be agreed upon by the parties interested, unless the owner is incapable of consenting, or his name and residence are unknown, or he be a non-resident of the State.

3. Same—*requisites of petition—to show an inability to agree.* The averments in a petition to condemn land for a public use need not be in the language of the statute, but any allegation showing affirmatively that the petitioner has been unable to agree with the owner in respect of the compensation to be paid, will suffice.

4. Where the petition fails to show an inability to agree with the land owner as to the compensation to be paid, and it does not appear that any effort was made to purchase or agree on the compensation or price to be paid for the land sought to be taken, it will be insufficient to give the court jurisdiction, or to entitle the petitioner to the right of condemnation.

5. Same—*burden of proof—to establish right—of the pleadings.* In a proceeding to condemn land, by a railway company, for the purpose of taking materials therefrom, no other pleading is required than the petition. If, however, an answer is filed, it will neither enlarge nor restrict the burden cast by law upon the company to make such a case as clearly entitles it to take and appropriate the land sought.

6. Same—*measure of compensation—as to the uses to which the land is adapted.* On a proceeding to condemn land by a railway company, the defendant asked the court to instruct the jury that the compensation to be paid for the land taken was its value "for any purpose for which it was shown, by the evidence, to be available." The words quoted were stricken out by the court, confining the value to the worth of the land "as land, as it is at this time, as shown by the evidence:" *Held,* that the modification was improper.

7. The present market value of the land sought to be taken furnishes the true basis for obtaining the compensation to be paid the owner, and

this value is to be determined by the jury from the evidence, either as furnished by the testimony of witnesses, or by their personal inspection of the premises; and in so far as its adaptability to uses other than that to which it is applied enhances or fixes its present market value, such uses are proper to be considered by the jury.

8. MASTER'S DEED—*on foreclosure—whether the deed is evidence that there was a proper decree.* The statute (chap. 72, sec. 33,) makes the master's deed, under a foreclosure of a mortgage, *prima facie* evidence that the provisions of the law relating to the sale have been complied with; but it is only in case of the loss or destruction of the record that such deed becomes *prima facie* evidence of the recovery and existence of the decree. Before a party can insist upon any rights under such deed, he must produce the decree of the court authorizing a sale and deed.

APPEAL from the County Court of Gallatin county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Mr. RUFUS COPE, for the appellant.

Messrs. HANNA & ADAMS, for the appellee.

Per CURIAM: This was a proceeding by appellee to condemn ten acres of land lying outside of its right of way, for the purpose of taking therefrom sand, rock, gravel and earth, for ballast, and to maintain its roadway. The petition, after averring the incorporation of petitioner, and that it has for ten years owned and operated, and is now operating, a line of railway through Gallatin county, avers that by an act of the legislature of Illinois, approved February 25, 1867, a charter was granted to the Illinois Southeastern Railway Company, by which it was authorized to build, construct, equip and maintain a railroad through Gallatin county, and for that purpose to condemn right of way, and in addition thereto, said railway company was authorized and empowered by its charter to condemn other land beside that required for right of way, for the purpose of procuring sand, gravel, stone and earth, and other material, for the purpose of constructing and maintaining said railroad; that under certain foreclosure proceedings against said Illinois Southeastern Railway Company, the petitioner,

4—126 ILL.

by purchase, became the owner of all the property, rights and franchises belonging to said railway, whereby petitioner became authorized and empowered to operate and maintain said railroad, with all the rights, powers and franchises delegated to said last named company by virtue of its charter and the laws of this State; that in order to procure rock, gravel, earth and sand, to properly ballast and maintain said railroad and improve the same, it is necessary to take and appropriate other land than that included in the right of way thereof, through Gallatin county. The land sought to be taken is then described, and it is averred that the company has in said county no suitable material for the purposes named, on its right of way. It is alleged that appellant, who is made defendant, is the owner of the land sought to be appropriated. The defendant (appellant) answered, denying each material allegation of the petition, except the ownership of the land sought to be appropriated. The case was submitted to a jury, who returned a verdict fixing the compensation to be paid the land owner, and the court entered the usual order thereon.

While, under the statute, no other pleading than the petition is required, it is manifest that the answer filed neither enlarged nor restricted the burthen cast by law upon the petitioner, to make such a case as clearly entitled it to take and appropriate the land sought to be taken. *Smith, Jr. et al.* v. *Chicago and Western Indiana Railroad Co.* 105 Ill. 511.

It is contended by appellee railway company, that under and by virtue of the deed of the master in chancery, made, as is alleged, in pursuance of a decree of foreclosure against the Illinois Southeastern Railway Company, it succeeded to all the rights, privileges and franchise of said last named company, and is, by the charter of said company, authorized to appropriate the land of appellant for the purposes shown. No discussion of this question is necessary, as no conveyance of the property and franchise of the Illinois Southeastern Railway Company is shown in this record. The petitioner introduced

in evidence a mortgage made by said company, and a deed executed by the master in chancery of the Circuit Court of the United States for the Southern District of Illinois, purporting to be made in pursuance of a decree of foreclosure entered in said court, conveying the property and franchise of said corporation to one Bloodgood, and conveyances vesting whatever title Bloodgood derived by said master's deed, in petitioner; but no proceeding or decree upon which said deed was based was produced.

By section 33, chapter 72, of the Revised Statutes, the master's deed is made *prima facie* evidence that the provisions of the law relating to the sale have been complied with, and it is only in case of the loss or destruction of the record of the decree that such deed becomes *prima facie* evidence of the recovery and existence of the decree. If petitioner desired to insist upon any right acquired under that deed, it should have produced a decree of the court authorizing a sale and deed. The deed is evidence of the regularity of the sale, but not of the prior proceedings authorizing it. *Fischer* v. *Eslaman*, 68 Ill. 78.

But, independently of these considerations, this proceeding is clearly erroneous. In all cases where private property may be taken for public uses, proceedings to condemn are authorized only when "the compensation to be paid for or in respect of the property sought to be appropriated or damaged   *   *   * can not be agreed upon by the parties interested," unless the owner is incapable of consenting, or his name and residence are unknown, or he be a non-resident of the State. Rev. Stat. (S. & C.) chap. 47, sec. 2, p. 1042.

If the right to condemn appellant's land for the purposes here sought, be conceded, such proceedings are permitted by the statute, whether for the purpose of acquiring land or material, only in the event that the corporation seeking the appropriation is unable to agree with the owner for the purchase of the same. (Rev. Stat. chap. 114, secs. 18, 19, Starr & Curtis, p. 1912; *Chicago, Burlington and Quincy Railroad Co.* v.

*Chamberlain,* 84 Ill. 333; *Bowman* v. *Venice and Carondelet Railway Co.* 102 id. 470.) Nor, if it be conceded that appellee railway company succeeded to all the rights and privileges of the Illinois Southeastern Railway Company, under the charter, will it affect the question under consideration. By the fifth section of its charter that company was given the right to acquire and hold property for its corporate purposes, and it is provided that "in case of disagreement as to the right of way, price of land or lands, or other privileges embraced in this section, the same may be condemned," etc., under the eminent domain laws in force. 2 Private Laws 1867, p. 751.

The taking of private property by the exercise of the right of eminent domain is in derogation of common right, and the grant of power for its exercise must be strictly followed. We have held in numerous cases, that the averments in petitions for condemnation need not be in the language of the statute, but that any allegation showing affirmatively that the corporation has become unable to agree with the land owner in respect of the compensation to be paid, will suffice. (*Chicago, Burlington and Quincy Railroad Co.* v. *Chamberlain,* 84 Ill. 333; *Bowman* v. *Venice and Carondelet Railway Co.* 102 id. 459.) But there is in the petition and proof in this case a total want of any reference to the jurisdictional fact of the inability of appellee railway company to agree with the land owner as to the compensation to be paid. There seems to have been no effort made to purchase the land, or agree on the compensation or price to be paid therefor, before resorting to this proceeding. The petition was clearly insufficient to give the court jurisdiction, or to entitle the appellee company to appropriate appellant's land.

Numerous errors are pointed out in the rulings of the court in modifying the defendant's instructions. Only one is of sufficient importance to require discussion.

The second instruction asked by defendant told the jury, in effect, that the compensation to be paid to the defendant land

owner, for the land taken, was its value "for any purpose for which it was shown, by the evidence, to be available." The modification consisted in striking out the words quoted, and confining the value to the worth of the land, "as land, as it is at this time, as shown by the evidence." The modification was improper. The present market value of the land taken furnishes the true basis for determining the compensation to be paid the land owner for land taken and appropriated to the public use. This value of the land is to be determined by the jury from the evidence, either as furnished by the testimony of witnesses, or by their personal inspection of the premises; and in so far as its adaptability to uses other than that to which it is applied enhances or fixes its present market value, such uses are competent to be considered by the jury. *Haslam* v. *Galena and Southern Wisconsin Railroad Co.* 64 Ill. 353; *Chicago and Evanston Railroad Co.* v. *Jacobs,* 110 id. 414; *Dupuis et al.* v. *Chicago and Northwestern Railway Co.* 115 id. 98; *Calumet River Railway Co.* v. *Moore et al.* 124 id. 329; *Jacksonville and Southeastern Railway Co.* v. *Walsh,* 106 id. 253.

The judgment of the county court is reversed, and the cause remanded to that court.

*Judgment reversed.*