Michael J. Cahill

*v.*

The Village of Norwood Park.

*Filed at Ottawa October 26, 1893.*

1. Eminent domain—*under City and Village act—petition as to inability to agree.* A petition for the condemnation of land for an extension of a street, under article 9 of the City and Village act, will not be defective for the reason it fails to allege that compensation for the property sought to be taken or damaged could not be agreed upon by the parties. The rule is otherwise in a proceeding under section 2 of the Eminent Domain act.

2. The words in section 2 of the Eminent Domain act, to the effect that it "shall be lawful" to file the petition to condemn when the compensation can not be agreed upon, are not to be construed as requiring the failure to agree to be set up in the petition in every condemnation proceeding in order to give the court jurisdiction.

3. In proceedings by railroad companies to condemn private property for right of way, such averment is necessary, not because of the

requirement of this section, but because in such cases the right to acquire title to real estate under the Eminent Domain law is, by section 18 of chapter 114 of the Revised Statutes, conditional upon the corporation being unable to agree with the owner for the purchase of the same.

4. In a proceeding to condemn under the City and Village act, the fact that the parties could not agree may be brought to the attention of the court in any manner which will satisfy it of the fact, and when the petition contains all the averments required by the statute, it must, in the absence of any showing to the contrary, be presumed that it was lawfully filed.

5. SAME—*oath of the jury.* In a proceeding by a city or village to condemn land, the jury were sworn to ascertain and report the just compensation, etc., according to the facts in the case as they should be made to appear from the evidence adduced, "the arguments of counsel and the instructions from the court:" *Held,* that the oath as to the arguments of counsel and instructions of the court was improper; but as there was no objection to the irregularity, and the record failed to show that the case was argued or that the court instructed the jury, the error was no ground of reversal.

6. SAME—*ordinance not proper evidence for the jury.* In such a proceeding the jury have nothing to do with the ordinance of the city or village. It is therefore enough to set it out in the petition. Its sufficiency to authorize the proceeding to condemn is for the court alone.

7. SAME—*measure of compensation.* The owner of property sought to be condemned for public use is entitled, by way of compensation, to the highest market value of the same for any purpose for which it is adapted or may be used. If the land is devoted by the owner to a particular use, and for that use has a special value, he is entitled to receive what it is worth for that purpose.

8. In such proceeding it may be competent for the land owner to prove that the property is susceptible of being platted into blocks and lots, and to prove its value for that purpose, and it will then be the duty of the jury to consider that evidence in connection with all the other evidence in the case; but the jury will not be bound to base its estimate of just compensation and damages upon that evidence, when it is not shown that the land has been laid out into blocks and lots, and platted.

APPEAL from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. JONES & LUSK, for the appellant.

Mr. DAVID M. BALL, and Mr. JAMES L. CLARK, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a proceeding by appellee, against appellant, in the court below, to condemn real estate for the purpose of extending Hortense avenue, one of the public streets of the village. The land affected by the improvement was described in the petition as "blocks 7 and 11." The proposed extension required a strip across these blocks sixty-six feet wide and about one hundred feet long. The jury fixed the compensation for the part of block 7 taken, at $549.60, and the damages to the remaining part $200. For that part of lot 11 taken they allowed $384, and as damages to the remainder $200. Appellant entered his motion for a new trial, which was denied, and judgment of condemnation entered upon the verdict. This is an appeal from that judgment.

No complaint is made of the rulings of the trial court on the admission or exclusion of evidence or the giving or refusing instructions to the jury. Four grounds of reversal are urged, and will be considered in their natural order.

*First*—The petition was fatally defective because it does not allege that compensation for the property sought to be taken or damaged could not be agreed upon by the parties. This point is based upon the erroneous assumption that in this proceeding the petition must conform to the requirements of section 2 of the Eminent Domain act, and that under that section averment of failure to agree, etc., is necessary, in every case of condemnation, to give jurisdiction. This petition is filed under article 9 of the Cities and Villages act, and the proceeding is specifically prescribed by the fourth and subsequent sections of the article. (1 Starr & Curtis, 488.) Section 5 provides what the "petition shall contain," and it requires no allegation of failure to agree as to compensation. Neither does section 2 of the chapter on eminent domain.

Under the last named section the petition must set forth, "by reference, his or their authority in the premises, the purpose for which said property is sought to be taken or damaged, a description of the property, the names of all persons interested therein as owners or otherwise, as appearing of record, if known, or if not known, stating that fact, and praying such judge to cause the compensation to be paid to the owner to be assessed." The preceding language of the section, to the effect that it "shall be lawful" to file the petition when the compensation can not be agreed upon, is not to be construed as requiring the failure to agree to be set up in the petition in every condemnation proceeding in order to give the court jurisdiction of the case. In proceedings by railroad companies to condemn private property for right of way such an averment is necessary, not because of the requirements of this section, but because in such cases the right to acquire title to real estate under the law of eminent domain is, by section 18, chapter 114, (Starr & Curtis, 1912,) conditional upon the corporation being unable to agree with the owner for the purchase of the same. (*Reed* v. *Ohio and Mississippi Railway Co.* 126 Ill. 48; *Lieberman* v. *Chicago and South Side Rapid Transit Railroad Co.* 141 id. 140.) In other words, there "the right to take or damage property for public use," under the eminent domain laws of the State, depends upon the inability to agree with the owner for its purchase, whereas by section 2, *supra,* the right to take, etc., existing, it becomes lawful to file the petition whenever the compensation, etc., can not be agreed upon. In the latter case the fact that the parties could not agree may be brought to the attention of the court in any manner which will satisfy it of the fact, and when the petition contains all the averments required by the statute, it must, in the absence of any showing to the contrary, be presumed that it was lawfully filed. The petition in this case contained all that is required by section 5, article 9, *supra,* and is not, therefore, subject to the objection urged against it.

*Second*—It is objected that the jury was not sworn according to the form given in section 8 of the Eminent Domain act. The record recites that the jury was sworn to ascertain and report the just compensation, etc., according to the facts in the case as they should be made to appear from the evidence adduced, "the argument of counsel and the instructions from the court." Of course, that part of the oath referring to the argument and instructions was improper. In other respects it was substantially in the required form. There are two reasons why this irregularity should not work a reversal: First, no objection to it was urged in the court below; (*Rockford, Rock Island and St. Louis Railroad Co.* v. *McKinley,* 64 Ill. 339;) and second, there is nothing in the record to show that the case was argued by counsel or that the court instructed the jury. The compensation and damages must therefore have been fixed upon the evidence alone.

*Third*—It is contended that the village failed to show a right to condemn because it did not offer in evidence the ordinance under which the proceeding was had. The jury was sworn to ascertain and report the just compensation to appellant for the property sought to be taken or damaged. It had nothing to do with the ordinance. (*Lieberman* v. *Chicago and South Side Rapid Transit Railroad Co. supra.*) The petition set out the ordinance. Its sufficiency to authorize the condemnation proceeding was for the court. All objections to its sufficiency must have been urged before it. *Ward* v. *Minnesota and Northwestern Railroad Co.* 119 Ill. 287; *Lieberman* v. *Chicago and South Side Rapid Transit Railroad Co. supra.*

*Fourth*—The verdict of the jury as to compensation and damages is contrary to the evidence. A number of witnesses called by the petitioner testified that they knew the property, its location and value, and estimated it to be worth from $900 to $1500 per acre. They regarded it as acre property. It is not denied that upon their evidence the verdict of the jury was

fair to appellant, but it is contended that, inasmuch as his witnesses testified that the blocks, if platted into lots, with streets and alleys, would be worth $20 per front foot, and the village offered no evidence as to the value if so platted, the jury was bound to fix the just compensation and damages upon the evidence of appellant's witnesses alone. It is undoubtedly the well settled law of this State that the owner of property sought to be condemned for public use is entitled, by way of compensation, to the highest market value of the same for any purpose to which it is adapted or may be used. (*Haslam* v. *Galena and Southwestern Railroad Co.* 64 Ill. 353; *Commissioners* v. *Dunlevy*, 91 id. 41; *Cemetery Ass.* v. *Minnesota and Northwestern Railroad Co.* 121 id. 199; *Reed* v. *Ohio and Mississippi Railway Co.* 126 id. 48.) Also, that if the land is devoted by the owner to a particular use, and for that use has a special value, he is entitled to receive what it is worth for that purpose. (*Dupuis* v. *Chicago and Northwestern Railway Co.* 115 Ill. 97; *Johnson* v. *Freeport and Mississippi Railway Co.* 111 id. 413.) The property in question could not be valued, under the latter rule, as platted into lots, for the reason that there is no legal evidence in the record proving that it was so used. No plat of it was offered in evidence, nor did any one testify that a plat of it had been made. The defendant stated, "I platted it in 1887," but in what manner he did not pretend to say. All that his witnesses testified to as to the value, if platted, was, that if subdivided in a manner described by them it would be worth $20 per foot. Under the first rule above stated it was competent for appellant to prove that the property was susceptible of being platted, and show its value for that purpose, and it was the duty of the jury to consider that evidence in connection with all the other evidence in the case, but it was not bound to base its estimate of just compensation and damages upon that evidence alone. Conceding that the witnesses of the respective parties were equally well acquainted with the location and character of the property, (and

certainly appellant can claim no more,) whether they estimated it as acre property, or by the front foot, if subdivided, could make no difference as to the weight to be given to their evidence. The witnesses who speak of it as acre property, and fix its value as such, do not say that it is not susceptible of subdivision, or that its value is not affected, in their opinions, by the consideration that it is so susceptible. We are unable to see why the jury should have been required to wholly ignore their testimony. It also seems clear that no intelligent verdict could have been made and sustained upon the evidence of appellant's witnesses alone. What the just compensation would have been, estimating it upon the theory of a subdivision, alone, it is impossible to tell. How many front feet would have been produced by a subdivision in no way appears. If, as a matter of fact, the property had been laid off into lots, streets and alleys, and appellant was so using it, and desired to have it estimated in that way, he should have offered some evidence as to the manner in which it was platted, and then shown its value, estimated in that manner. Until he had done so the jury could make no estimate of the compensation or damages by the front foot. There is nothing whatever in the record, as now presented, from which we can say that just compensation and adequate damages have not been fixed and reported by the jury.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.**

---

*MICHAEL J. CAHILL v. VILLAGE OF NORWOOD PARK.

Per CURIAM: The same questions are involved in this case as in that of *Michael J. Cahill* v. *Village of Norwood Park,* taken at the March term, 1893, of this court, and in which an opinion was filed on October 26, 1893, at Ottawa, Illinois, and what is said in that opinion applies to all the questions in this case, and for the reasons therein stated the judgment in this case is affirmed.

*Judgment affirmed.*