# THE CITY OF DANVILLE

*v.*

## MARY McADAMS *et al.*

*Filed at Springfield October 30, 1894.*

1. CONDEMNATION—*when petition need not aver disagreement as to damage.* A petition to condemn land for the extension of a street, under article 9 of the City and Village act, need not aver that compensation for the property could not be agreed upon. But the rule is otherwise under the Eminent Domain act.

2. SAME—*no estimate of cost by commission required.* In such a proceeding the statute does not require that commissioners should estimate the cost of the improvement and report it to the city council, and the petition will not be bad for failing to so aver.

3. SAME—*ordinance—sufficiency of description of improvement.* An ordinance for street extension which names the limit of the extension, describes by metes and bounds the lands to be taken for the same, and provides for the opening of the tract described for a street, sufficiently describes the nature, character and locality of the improvement.

APPEAL from the County Court of Vermilion county; the Hon. JOHN G. THOMPSON, Judge, presiding.

Mr. G. F. REARICK, and Mr. E. R. E. KIMBROUGH, for the appellant.

Mr. JUSTICE BAKER delivered the opinion of the court:

The city of Danville adopted an ordinance for the extension of Park avenue, in said city, from its present southern terminus through to South street, to be paid for by special assessment. It thereupon filed in the county court of Vermilion county a petition, praying that the just compensation to be made for the private property to be taken or damaged for the improvement or purpose specified in the ordinance should be ascertained by a jury, and it made Mary McAdams, John Schario and John Beard, the owners of the property to be taken or damaged, parties defendant to the petition. Said Mary Mc-Adams and John Schario demurred to the petition, and the court sustained the demurrer. The city stood by its petition, and the court dismissed it at the cost of the petitioner. The city then prosecuted this appeal.

One objection that was urged to the petition was, that it did not allege that the compensation to be paid for or in respect to the property to be appropriated or damaged could not be agreed upon by the parties in interest, nor show any excuse for failing to make an attempt to agree upon compensation and damages. The objection was not well taken. In *Cahill* v. *Village of Norwood Park*, 149 Ill. 156, this court held that a petition for the condemnation of land for an extension of a street, under article 9 of the City and Village act, will not be defective for the reason that it fails to aver that compensation for the property sought to be taken or damaged could not be agreed upon by the parties, but that the rule is otherwise in a proceeding under the Eminent Domain act.

Another objection that was urged to the petition was, that it did not show that the cost of the improvement

was estimated by a commission, and such estimate reported to the city council.  Section 5 of article 9 of the City and Village act provides what the petition shall contain, and it makes no requirement for such an estimate or report.  There is no proper place in this particular proceeding for either.  The law devolves the duty of ascertaining the compensation and damages due the property owners, upon a jury,—not upon a commission.  Any action of a commission in the premises would be nugatory and useless, and the statute is not to be construed as requiring that to be done which would be wholly useless.  In a proceeding such as this, as was held in *Goodwillie v. City of Lake View*, 137 Ill. 51, no estimate under section 20 of article 9 is either contemplated or required.  There is no merit in this second objection to the petition.

The last objection urged to the petition was, that the ordinance did not state the nature, character, locality and description of the improvement, as required by section 19 of the act.

The first section of the ordinance reads as follows : "That Park avenue be opened and extended from its present southern terminus to South street, in said city of Danville, Illinois, as follows :  Commencing fifteen (15) feet east of the north-west corner of lot No. fifteen (15), in Hessey, Outen & McFall's addition to the city of Danville, Illinois ; thence south to a point on the north side of South street twenty-one (21) feet east of the south-west corner of lot No. three (3), in block No. three (3), in McRoberts & Walker's addition to Danville, Illinois; thence west along the north side of South street to a point five and one-half (5½) feet west of the south-east corner of lot No. two (2), in block No. three (3), in said McRoberts & Walker's addition; thence north on a line with the west side of Park avenue to a point twenty-six (26) feet west of the north-west corner of said lot No. fifteen (15), in said Hessey, Outen & McFall's addition to the city of Danville, Illinois ; thence east to the place of beginning." And sec-

tion 2 is as follows : "That the cost of opening and extending said street, including the cost of real estate taken or damaged for that purpose, or both, and the expenses of all necessary proceedings in court, shall be paid for by special assessment, to the extent that the lots, blocks, tracts and parcels of land in the vicinity of said improvement may be found specially benefited thereby, and the residue of said expense, if any, by general taxation."

The proposed improvement is the extension and opening of Park avenue. Said avenue is to be extended and opened from its present southern terminus to South street, and the ordinance gives, by metes and bounds, a description of the real estate that is to be taken for public use and incorporated into the extension of the avenue. This locates the improvement with absolute certainty, and with like certainty designates the land that is to be condemned. The land that is taken for the extension is to ·"be opened,"—that is, the obstructions, if any, are to be removed from it, so as to leave it open and free of access to the traveling public. This is sufficiently specific. In *Levy* v. *City of Chicago*, 113 Ill. 650, it was held that an ordinance for the improvement of a street, which uses the expression "filling" the street, is sufficiently definite ; that it might be shown by civil engineers and street contractors what was comprehended by the term "filling," as generally understood by them, and thereby make the description in the ordinance definite. And also see *City of Springfield* v. *Mathus*, 124 Ill. 88, and *Woods* v. *City of Chicago*, 135 id. 582. In our opinion the ordinance at bar states the nature, character, locality and description of the improvement with requisite certainty.

It results from what we have said, that the county court erred in sustaining a demurrer to the petition of appellant and in dismissing the same at its cost. The order and judgment are reversed, and the proceeding is remanded to the county court, with directions to overrule the demurrer to the petition.    *Reversed and remanded.*