The Illinois Central Railroad Company

*v.*

The Town of Normal.

*Opinion filed October 24, 1898.*

1. Eminent domain—*buildings on a right of way not necessary for operation of road are not obstacles to condemnation.* The fact that a railroad company has erected a house upon its right of way for occupancy by its section foreman does not render ground on which it stands exempt from condemnation for a street crossing.

2. Same—*condemnation petition for a street extension need not contain commissioners' estimate.* A condemnation petition for opening a street across a railroad right of way should not be dismissed because of the commissioners' failure to include the value of improvements in their estimate of the cost, as under the statute (Rev. Stat. 1874, p. 232, sec. 5,) the petition need not contain any estimate of cost. (*City of Danville* v. *McAdams*, 153 Ill. 216, followed.)

3. Parties—*rule as to making occupants of premises parties to condemnation for street extension.* Section 5 of article 9 of the City and Village act (Rev. Stat. 1874, p. 232,) requires that a condemnation

petition by the city shall give the names of the owners or occupants of the premises, "so far as is known to the board or officer filing the petition;" and a motion by the owner to dismiss a petition because the occupant is not made a party is properly denied where the motion fails to give the name of the occupant, and it does not appear from the petition that any party has been omitted.

4. DAMAGES—*market value of land not the measure of damages on opening street across right of way.* In condemning a railroad right of way for a street crossing the market value of the land is not the measure of compensation, as such property cannot be sold for general purposes, and by the condemnation the public merely acquires the right to use the land as a crossing jointly with the company.

5. SAME—*effect as to damage where land taken is occupied by building.* The fact that part of the right of way required for a street crossing is occupied by a building the location of which at that particular place is not necessary to its use by the company, does not entitle the latter to compensation based upon the market value of the land, in addition to the value of the building and its improvements.

6. SAME—*what properly included with compensation for property taken.* Damages sustained by the separation of a building from a well, the former being taken while the latter remains, are properly included in compensation for property actually taken.

7. SAME—*amount of damages awarded by trial court not lightly disturbed.* The judgment of the trial court, rendered upon conflicting oral testimony, fixing the amount of damages in condemnation, the parties having waived a jury, will not be disturbed, on appeal, unless clearly against the weight of the evidence.

APPEAL from the County Court of McLean county; the Hon. R. A. RUSSELL, Judge, presiding.

WILLIAMS & CAPEN, (C. V. GWIN, of counsel,) for appellant:

The statute provides that the petition for the condemnation of the land for a street shall make the occupant of the land a party defendant. This is jurisdictional. Starr & Curtis' Stat. (2d ed.) chap. 24, secs. 121, 122.

As to who is an occupant, see *Taylor* v. *Wright*, 121 Ill. 455; *Walters* v. *People*, 21 id. 178; *Combs* v. *Goff*, 127 id. 431; *Walker* v. *Converse*, 148 id. 622; *Shelby* v. *Houston*, 38 Cal. 411; 17 Am. & Eng. Ency. of Law, 28-30, and notes.

The requirements, under the above sections and the entire statute, must strictly comply therewith or the pro-

ceedings are invalid. *Railroad Co.* v. *Chicago*, 132 Ill. 372; *Guild* v. *Chicago*, 82 id. 472; *Ogden* v. *Lake View*, 121 id. 422; *Railroad Co.* v. *Galt*, 133 id. 667.

"Land" includes all structures and improvements upon it. *Dooley* v. *Crist*, 25 Ill. 551; *Salter* v. *Sample*, 71 id. 430; *Chatterton* v. *Saul*, 16 id. 149; 2 Blackstone's Com. 16, 18, 19; 3 Kent's Com. 401; Bouvier's Law Dic. art. "Land;" Coke's Lit. 4 a.

When land is condemned under the power of eminent domain, all appurtenances must be paid for and their value included in the judgment. *Railroad Co.* v. *Winslow*, 66 Ill. 219; *Railway Co.* v. *Ward*, 128 id. 349; *Railroad Co.* v. *Knuffke*, 30 Am. & Eng. Ry. Cas. 387; *Railway Co.* v. *Railroad Co.* 100 Ill. 21; Mills on Eminent Domain, secs. 49, 223; *Bennett* v. *Loyle*, 40 Barb. 551; *In re Widening Wall Street*, 17 id. 617; *M. R. B. Co.* v. *Ring*, 58 Mo. 491.

No party except the State can raise the question whether or not a corporation is using its property for a purpose *ultra vires*. *Alexander* v. *Tolleston Club*, 110 Ill. 65; *Hamsher* v. *Hamsher*, 132 id. 273; *Hough* v. *Land Co.* 73 id. 23; *Barnes* v. *Suddard*, 117 id. 237; *Cooney* v. *Packing Co.* 169 id. 370; *Railroad Co.* v. *Wright*, 153 id. 307.

It is not only impracticable, but impossible, to try that question in a condemnation proceeding. *Union Depot Co.* v. *Backus*, 92 Mich. 33; *Prospect P. Co.* v. *Williamson*, 91 N. Y. 552.

In condemnation proceedings there are the same considerations as to values as in case of sale between private parties. The judgment is simply a forced sale. *Low* v. *Railroad Co.* 63 N. H. 557.

Evidence that the land owner could obtain another piece of property equally serviceable is immaterial and inadmissible. *Railroad Co.* v. *Bell*, 28 Hun, 426.

Where the property taken is a dwelling house or place of business the measure of damages is not confined to the market value, but includes the inconvenience and loss from deprivation. *Railroad Co.* v. *Piel*, 87 Ky. 267.

As to elements of damages and of compensation, and that appellant is entitled to recover as part of the judgment the value of the special use of the land, see *Railroad Co.* v. *Cicero,* 154 Ill. 656; *Railroad Co.* v. *Chicago,* 156 id. 98; 169 id. 329; *Railroad Co.* v. *Naperville,* 166 id. 87; *Railroad Co.* v. *Lostant,* 167 id. 85.

The value to the owner is the test. Whatever injury he sustains must be paid for. *Railroad Co.* v. *Kirby,* 104 Ill. 345.

R. L. Fleming, (O. R. Trowbridge, and J. A. Bohrer, of counsel,) for appellee:

The statute merely requires that the petition shall contain the names of the occupants of the premises, so far as known to the board of officers filing the petition. Starr & Curtis' Stat. (2d ed.) chap. 24, par. 121.

The want of proper parties is properly raised by motion to dismiss only when such want of parties is apparent on the face of the petition. When not so apparent, objection should be made by plea or answer. *Prentice* v. *Kimball,* 19 Ill. 320.

Whether or not the premises were occupied when the petition was filed was a question of fact not put in issue by either the petition or cross-petition.

The statute does not require an estimate and report of commissioners, approved by the council, to be made a part of the petition in condemnation proceedings, and therefore the estimate made in this case cannot be material. *Danville* v. *McAdams,* 153 Ill. 216.

The statute does not require that persons whose interests are subsequently discovered by petitioner shall be made parties. It simply provides that they may intervene and claim compensation. Starr & Curtis' Stat. (2d ed.) chap. 24, par. 124.

In any event, this judgment cannot be affected by failure to join the tenant as a party. If appellee had joined the tenant by amendment at the hearing, it would have

been the duty of the court, under the statute, to enter judgment against the appellant and continue the cause as to the new party only.    Starr & Curtis' Stat. (2d ed.) chap. 24, par. 126.

Mr. Chief Justice Carter delivered the opinion of the court:

This is an appeal from a judgment of condemnation entered on a petition filed by the town of Normal, asking that the just compensation to be made by it for the opening of Poplar street, across appellant's right of way, according to an ordinance passed by the town authorities, be ascertained by a jury.  Appellant filed a cross-petition, claiming damages for a car-house or out-house that would be cut in two by the opening of such street, and also for a section-house standing on the land to be taken, and for a well appurtenant thereto but not on the line of the proposed street crossing.    Appellant also made a motion to dismiss the proceedings,—first, because the property, having been appropriated to a public use by the erection of the section-house, was exempt from condemnation; second, because the commissioners appointed by the town to estimate the cost of the improvement had not taken into consideration the value of the improvements; and third, because the occupant of the section-house was not made a party to the suit.  The court took the motion under advisement, and, after hearing the evidence, a jury having been waived, overruled the motion, found the just compensation for property taken to be $225 and the damage to property not taken nothing.

The first alleged error in overruling the motion to dismiss is not seriously urged, and we are referred to no authorities.  This house was not necessary for the operation of the railroad, and required no particular location either on or off of its right of way, and the railroad company could not have condemned land for such a use.  (Lewis on Eminent Domain, sec. 170.)  It follows, therefore, that

the erection of such a house by the company presents no obstacle to a condemnation for a street crossing.

The second reason urged for dismissal is also untenable. Section 5 of article 9 of the act for the incorporation of cities and villages specifies what such petitions shall contain, viz.: a copy of the ordinance, certified by the clerk under the corporate seal; a reasonably accurate description of the property to be taken or damaged; and the names of the owners or occupants thereof, so far as known to the board or officer filing the petition. No estimate of cost is necessary. This point has been expressly decided adversely to appellant's contention in *City of Danville* v. *McAdams*, 153 Ill. 216.

The third ground is not supported by the evidence. It is not clear whether the alleged tenant moved in before or after the filing of the petition. At any rate, the court below was justified, from the evidence, in finding that the board or officer filing the petition did not know the name of the occupant, if there was any, although proper diligence was used to ascertain the fact. In the motion to dismiss no one is named as tenant, and it does not appear from the petition that any party has been omitted. The statute does not require that persons whose interests are subsequently discovered shall be made parties on motion of the petitioner. It provides that the jury shall ascertain the compensation to be paid them, whether named in the petition or not, provided such person files a statement of his interest and is admitted as a party to the suit. This was not done here, and appellant certainly cannot complain, as its interests are not affected thereby. The motion was properly overruled.

The judgment of the court as to the compensation and damages to be paid is assigned for error. It is contended that the compensation for taking the section-house is inadequate and not warranted by the evidence, and that the court should have allowed something as damages to property not taken. The testimony as to the value of the

car-house and section-house was conflicting. The court heard the evidence and saw the witnesses, and we think the amount of the compensation found is supported by the evidence. It was for the court, sitting as a jury, to weigh the conflicting statements, and the amount allowed is not so inadequate as to justify a reversal on that account. *Braun* v. *Metropolitan West Side Elevated Railroad Co.* 166 Ill. 434; *West Chicago Street Railroad Co.* v. *City of Chicago,* 172 id. 198.

Appellant claims that it should have been allowed a sum equal to the value of a town lot situated in the vicinity of this street crossing as compensation for the land taken, because it occupied the land with a section-house, which had formerly been used as a dwelling house for its employees and which it intended again so to use. In the condemnation of a railroad right of way for a street crossing the market value of the land as land cannot enter into the estimate of compensation, for the reason that such property cannot be sold for general purposes, and by the condemnation the public acquires only the right to use it jointly with the railroad company, and only as a crossing. (*Chicago and Northwestern Railway Co.* v. *Town of Cicero,* 157 Ill. 48; *Illinois Central Railroad Co.* v. *Village of Lostant,* 167 id. 85.) Notwithstanding the condemnation the company continues to own it, with the right to use it for its corporate purposes not inconsistent with its use as a street crossing. (*Chicago and Northwestern Railway Co.* v. *Town of Cicero, supra.*) The evidence shows that that particular location for the section-house was not necessary for its use by the railroad company. The company was not therefore entitled to any more compensation for the land taken, aside from the structures and improvements, than for any other part of its right of way. The well (or cistern) was not itself taken or damaged, but it was appurtenant to the section-house, and whatever damage appellant may have sustained on account of the separation of the well from the section-house was properly included in the

compensation for the property taken. (*Chicago, Santa Fe and California Railway Co.* v. *Ward*, 128 Ill. 349.) The evidence tended to show that it would still be of use to appellant.

No propositions to be held as law in the decision of the case were submitted by the petitioner, and we find no error in the ruling of the court in modifying or refusing propositions submitted by the defendant.

The judgment of the county court will be affirmed.

*Judgment affirmed.*