# THE VILLAGE OF BYRON

*v.*

## JOSEPH BLOUNT.

*Filed at Ottawa November 20, 1880.*

1. RIGHT OF WAY—*for street, by a village—sufficiency of petition.* A petition by a village, showing that the president and trustees had before duly passed an ordinance establishing a street within the corporate limits, and alleging that the village authorities and the owner of the land to be taken were unable to agree upon the amount to be paid him as damages for his land taken for the street, and praying that on a final hearing the just compensation to be made to the defendant for the land may be ascertained according to law, and when the same is paid to him, or is deposited as required by law, an order for possession of the property condemned for public use may be made by the court, and for other relief, is in strict conformity to the law, and it is error to sustain a demurrer to it.

2. SAME—*validity of ordinance fixing manner of raising means to pay for land taken, not involved.* Where the first section of an ordinance established a new street, all upon the defendant's land, and the second section provided that the property contiguous to the street should be taxed one-fourth of the cost incurred in establishing and opening the same, it was held, on an application to condemn the land proposed to be taken and fix the defendant's just compensation, that the validity of the second section, prescribing the mode of raising the tax to pay the damages sustained by the defendant, was not involved in the proceeding, but that when an effort should be made to

enforce the tax, the validity of the second section of the ordinance could be tested, and, if such tax was illegal, the courts would grant relief.

3. SAME—*sufficiency of description of street.* There is no rule of law that requires any greater degree of certainty in the description of land sought to be condemned for a street, than will enable a surveyor to find and locate it from the description given.

4. ORDINANCE—*to establish a street, need not be published.* The statute does not require an ordinance, to establish a street by a village within its limits, to be published.

5. SAME—*legality of, when must be proved.* On petition to condemn land for a public street, established by ordinance, if the land owner shall, in his answer, deny that the ordinance was duly passed, then the petitioner will be required to prove that every step necessary to make it a valid ordinance has been taken. Otherwise no such proof is required.

APPEAL from the County Court of Ogle county; the Hon. ALBERT WOODCOCK, Judge, presiding.

Mr. N. C. WARNER, for the appellant.

Mr. L. F. WARNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The petition in this case avers that the president and trustees of the village of Byron, in the county of Ogle, in this State, on the 22d day of March, 1880, duly passed an ordinance establishing a street within the village, to be called Seventh street.

It is also alleged that the village authorities and appellee were unable to agree upon the amount that should be paid him as damages for his land taken for the street; and the prayer is, that on a final hearing, the just compensation to be made to appellee for the ground so taken, may be ascertained, according to law, and when such compensation is paid to him by the village, or is deposited as required by law, an order for possession of the property condemned to public use may be made by the court, and for other relief.

To this petition, appellee filed a demurrer, which was sustained by the court, and judgment for costs was rendered

against petitioner, and an appeal therefrom was allowed and perfected.

It is conceded that this village has the power to establish and open streets and roads within its limits, but it is insisted that it has no power under the constitution and laws to take it without making just compensation, and that this is an effort to thus deprive appellee of this property.

The first section of the ordinance establishes the street all on appellee's land, and the second section declares that the property contiguous thereto shall be taxed one-fourth of the cost incurred in establishing and opening the same. It is claimed that this second section contravenes the constitution and the law. If this were conceded, we are at a loss to see in what manner it affects appellee's rights. The proceeding is not to confirm or to declare the ordinance valid. But the petition only asks to have the damages appellee may sustain by reason of taking his land for public use, ascertained by law, and when paid or deposited, the village be authorized to take possession, and to use it as a public street. So far as we can see, this is in strict conformity to the law, and no reason is perceived for sustaining the demurrer to the petition.

The demurrer admits the allegations of the petition to be true, but it in nowise raises the question of the constitutionality of the ordinance prescribing the amount or mode of raising the tax to pay for the damages sustained by appellee. The only question before us is, whether the facts alleged in the petition, and admitted by the demurrer to be true, entitle the village to have the damages ascertained. We think they are sufficient. When they are determined, the village will then, if they deem it of sufficient public importance to open the street, make provision to raise the means to pay the damages, and then if the village attempts to levy an unconstitutional or illegal tax on appellee's property for that or any other purpose, the law will afford him an adequate remedy. We can not know, when the damages shall be assessed,

that they will not be so high that the village authorities will deem it too burthensome to justify them in opening the street, and entirely abandon it for all future time. When the effort shall be made to enforce a void tax, the courts will afford the proper relief.

This second section is not involved in this case. But the first section only is involved. The proceeding is only to have the damages assessed, and not to have a judgment for the collection of the tax claimed to have been provided for, to pay for the land thus sought to be taken.

Its validity is attacked on the ground that the place of the location of the street is uncertain. That for want of proper certainty, the ordinance locating it is void. This is, we think, a misconception. As described in the petition it appears to us that it may be readily found and located by any person familiar with the locality. We apprehend any person in the village, whether he is skilled or not in the principles of surveying, could readily find the property described. We know of no rule that requires any greater certainty than will enable a surveyor, from its description, to readily find and locate it.

It is said that there is no averment that the ordinance was published. The statute does not require ordinances of this character to be published. It, however, does require that appropriation, etc., ordinances shall be published. See sec. 64, chap. 24, Rev. Stat. 1874.

If there shall be an answer filed denying that the ordinance was duly passed, the petitioner would be required to prove that every step necessary to make it a legal, operative ordinance, had been taken.

It then follows that the court below erred in sustaining the demurrer, and the decree must be reversed, and the cause remanded.

*Decree reversed.*