CHARLES D. DICKEY, Jr., Trustee,

v.

THE CITY OF CHICAGO et al.

164  37
169  176
170  320
170  359
164  37.
210  126

*Filed at Ottawa November 23, 1896.*

1. SPECIAL ASSESSMENTS—*petition for, need not recite clerk's certificate to ordinance.* The petition for a special assessment must aver that the ordinance for the improvement became a law, but need not recite a certificate to such ordinance by the clerk.

2. SAME—*copy of ordinance need not show mayor's approval.* Averment in the petition for a special assessment that the ordinance was approved by the mayor does not render it necessary that the copy of the ordinance annexed to the petition should show the mayor's approval.

3. SAME—*when paving ordinance need not specify width to be paved.* An ordinance which provides generally for curbing and paving a certain city street of fixed and known width, is not bad for failure to state the width to be paved and the location of curb-stones, as the pavement will, in such case, be understood to fill the space between the sidewalks.

4. SAME—*owner must, upon appearance, object as to all his lands.* An owner must, when objecting to the confirmation of a special assessment, state his objections as to all tracts of land embraced in the roll of which he is owner, and if he does not, a trustee under his will cannot do so afterwards, on appeal. (BAKER, J., dissenting.)

WRIT OF ERROR to the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

MASON BROS., for plaintiff in error:

As to the lands now in controversy there was no objection made in the county court and no trial, and consequently there could have been no bill of exceptions, no motion for a new trial and no exception to judgment. This was a proceeding *in rem*, and this judgment was only against the property, and was not a judgment *in personam*. (*Brown* v. *Joliet,* 22 Ill. 123; *Einstein* v. *Joliet,* id. 126.) This judgment of February 10, 1892, was a several one against these particular lands, and was rendered by the county court by default. Rev. Stat. chap. 24, art. 9, sec. 34; *Beach* v. *People,* 157 Ill. 659.

The case of *Gage* v. *Chicago,* 143 Ill. 157, seems to us to require that the ordinance should affirmatively state the width of the roadway to be paved under the provisions of the ordinance. This case is a later case than *Adams County* v. *Quincy,* 130 Ill. 566, and *Woods* v. *Chicago,* 135 id. 582, and should control.

JOHN D. ADAIR, for defendants in error:

It can make no difference that Judge Dickey objected for other property. He appeared and submitted to the jurisdiction, litigated the very points now raised, and did not preserve the evidence in a bill of exceptions, which will show what proof was offered to overcome his objections. These questions are *res judicata* as to him. *Neff* v. *Smyth,* 111 Ill. 100.

All other points discussed have been ruled against plaintiff in error in *Gage* v. *Chicago,* 162 Ill. 313; *Wadlow* v. *Chicago,* 159 id. 176; *Adcock* v. *Chicago,* 160 id. 611; *Doremus* v. *People,* 161 id. 26.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error, as trustee under the will of Hugh T. Dickey, deceased, seeks the reversal of a judgment of confirmation entered by the county court of Cook county at the February term, 1892, in special assessment proceedings to which said Hugh T. Dickey was a party.

The first complaint made is, that the petition did not recite the ordinance for the improvement, which was for the paving of a street. The ordinance was recited in the manner which was held sufficient by this court in the following cases: *Wadlow* v. *City of Chicago,* 159 Ill. 176; *Adcock* v. *City of Chicago,* 160 id. 611; *Doremus* v. *People,* 161 id. 26.

Secondly, plaintiff in error says that the copy of the ordinance annexed to the petition was not the same as the ordinance described therein, because the petition avers that the ordinance was approved by the mayor,

while the copy does not show the endorsement of such approval.  The essential fact to be averred is that the ordinance became a law, and that fact is a matter for proof on the hearing.   The petition makes the averment, whether necessarily or not, that the ordinance was approved by the mayor, and it was not necessary that there should be a copy of the approval annexed to the petition.

In the third place, it is contended that the ordinance was insufficient because indefinite.   It provided for curbing with curb-stones and paving with wooden block pavement a street in Chicago, but it did not state the width of the street.   An ordinance of this kind must specify the nature, character, locality and description of the improvement, and it is insisted that this was not done, because it was not shown where the curbing was to be set or what the width of the paving would be.   So far as the curb-stones are concerned, the term, by common understanding, shows where they were to be set.   As to the paving, it may be said that a street has a fixed and certain width which cannot be varied, and which is as permanent and well known as the existence of the street itself.   The sidewalks are not to be paved, and an ordinance to pave a street generally will not be construed to embrace them, but will include the space between them. In the absence of any showing that there is any uncertainty about the width of the street, it will be presumed to be like other streets in cities, with sidewalks and a roadway between.   This ordinance provided for paving the street generally, and it was not necessary that the width ordinarily paved, about which neither the commissioners nor any party could make any mistake, should be stated in the ordinance.  *County of Adams* v. *City of Quincy*, 130 Ill. 566 ; *Woods* v. *City of Chicago*, 135 id. 582.

The case of *Gage* v. *City of Chicago*, 143 Ill. 157, was where there was a trial by the court without a jury, by consent, and, both by objection to the evidence and by propositions of law asked to be held, the question of the

uncertain character of the improvement was raised. It was proved in that case that the paving was to be done upon a prairie where there were no houses on the line of the street and no sidewalk, and where the city contended that the roadway was to be thirty feet wide and the evidence showed that the commissioners had estimated upon a basis of forty feet in width. It was proved that the width directed to be paved was uncertain, but in this case there is nothing to indicate that the estimate was upon an improper basis as to width.

Fourthly, plaintiff in error contends that the judgment should be reversed because the oath of the commissioners appears to be dated two days prior to the order of their appointment. Hugh T. Dickey entered his appearance in the proceeding in the county court for the confirmation of the assessment, and filed twenty-three objections as to one parcel of land owned by him, but made no objection as to his other land now in question. There had been a rule entered requiring all parties desiring to object to the confirmation of the assessment roll to file their objections thereto by a specific time, and no objections having been filed by said Dickey as to this part of his land, the assessment was confirmed as to it. There was a hearing of his objections, which were all overruled, and the assessment was confirmed as to the tract mentioned in such objections. Most of those objections were general, and went to the validity of the entire assessment. Some of them covered the questions above considered, but there was no objection which covered this question, and it was not raised in the county court in any manner.

In *Karnes* v. *People,* 73 Ill. 274, and *Neff* v. *Smyth,* 111 id. 100, it was held that where a tax-payer makes specific objections as to certain taxes on application for judgment against his land, he will be estopped by the judgment from afterward urging any other objection to other taxes included in the judgment. In *Neff* v. *Smyth* it is said

(p. 111): "The idea that appellee appeared and defended only as to the part of the taxes to which he filed objections, and that as to the rest of the taxes he is to be considered as not having made appearance and defense, and is at liberty now to question their being due, is not to be admitted." In a special assessment proceeding the judgment is several against the land, and there may be separate trials of objections made by different owners, but we think that when Hugh T. Dickey appeared and filed objections he was bound to make all objections which he intended to raise to the assessment against his lands. Plaintiff in error would now be barred from raising this objection as to the tract for which Hugh T. Dickey saw fit to object, and we think that the same rule should apply to the several tracts. It would be equally unjust to permit an owner to appear and raise objections as to one tract of his land, tacitly admitting that he has no objections as to other tracts included in the roll, and then raise a new objection as to some other tract by writ of error in this court.

The objection under consideration not having been made under the appearance in the county court will not be considered here, and the judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAKER: I dissent from that part of the opinion of the court which holds that because Hugh T. Dickey appeared in the county court and filed objections as to one parcel of land owned by him, therefore the plaintiff in error is now barred from raising any objection not included in the objections then filed by his testate. The appearance and defense at the time of the rendition of judgment of confirmation were expressly limited to the one parcel of land. The present writ of error does not question the judgment as to said parcel of land, but brings up for review the judgments as to other and wholly different and distinct parcels of land. The

statute (chap. 24, art. 9, sec. 34,) provides in express terms that the judgment of the court shall have the effect of a several judgment as to each tract or parcel of land assessed.   The proceeding is *in rem*, and the judgment is against the property, only.   Appearance and defense do not make the proceeding *in personam*.   (*People* v. *Drag-stran*, 100 Ill. 286.)   In *Karnes* v. *People*, 73 Ill. 274, and *Neff* v. *Smyth*, 111 id. 100, the different taxes were all assessed against the same tracts or lots in respect to which the owners appeared and made contests, and in my opinion the principle that controlled those decisions is not applicable here.