The Chicago and Northwestern Railway Company

*v.*

The City of Morrison.

*Opinion filed February 21, 1902.*

1. Eminent domain—*statutory authority of city to extend street across railroad track.*   Clause 89 of section 1 of article 5 of the City and Village act confers express authority upon city authorities to extend streets, by condemnation or otherwise, over and across the tracks, right of way and lands of a railroad company.

2. Same—*deprivation of use of track for storing cars does not prevent condemnation for street.*   The fact that the proposed extension of a public street across railroad tracks will deprive the company of the use of storing cars upon its track, furnishes an element in the estimation of damages but is not ground for denying condemnation.

3. SAME—*what not ground for denying right to extend street across railroad tracks.* The fact that the proposed extension of a public street will cross five tracks of the defendant and two platforms, and will necessitate the removal of an oil-house and the construction of additional platform space, is not ground for denying condemnation.

4. SAME—*it is a question of fact whether uses cannot co-exist.* It is a question of fact whether the laying out and opening of a public street across the tracks and grounds of a railroad company will so materially interfere with the proper and necessary use of the same by the company that both uses cannot co-exist.

5. SAME—*matter of locating or extending streets rests with the city authorities.* The location of new streets and the extension of old streets is a matter committed by the legislature to local authorities of the municipality, and the court will not interfere except in an extreme case of oppression.

6. SAME—*company not entitled to compensation for expense of obeying police regulations.* Upon condemnation of a railroad track, right of way and grounds for extension of a public street, the company is not entitled to compensation for constructing and maintaining a crossing, or for keeping gates or flagmen at such crossing in order to render obedience to police regulations for the common welfare.

APPEAL from the County Court of Whiteside county; the Hon. H. C. WARD, Judge, presiding.

BARGE & BARGE, (A. W. PULVER, of counsel,) for appellant:

The only grant of authority possessed by the city is that contained in paragraph 89 of section 1 of article 5 of the City and Village act. Its language is as follows: "The city council shall have power, by condemnation or otherwise, to extend any street, alley or highway over or across * * * any railroad track, right of way or land of any railroad company within the corporate limits," etc. This court has been frequently called upon to construe this paragraph and to define the powers of municipalities thereunder, and the most that it has held is, that the statute does confer power to condemn land used for railroad track, right of way or land used as a railroad yard. *Railroad Co.* v. *Chicago,* 138 Ill. 453; 141 id. 586; 156 id. 98; *Railway Co.* v. *Chicago,* 151 id. 348; *Railroad Co.* v. *Pontiac,* 169 id. 155.

Whether the statute confers authority to condemn land occupied by depots, depot buildings and structures, engine houses, shops and the like, has been expressly reserved from decision by the court.

Property already appropriated to a public use cannot be taken for another public use unless power to make such second appropriation is granted by the legislature. *Railroad Co.* v. *Pontiac*, 169 Ill. 155.

The general authority to lay out streets and highways has been held sufficient to authorize the opening of a street or highway across the right of way of a railroad. But such general authority is not sufficient to authorize the appropriation of a right of way of a railroad longitudinally. Nor can a highway be laid out, under such general authority, through the grounds or shops of a railroad company. 10 Am. & Eng. Ency. of Law, 1095; *Matter of Buffalo*, 68 N. Y. 167; *Springfield* v. *Railroad Co.* 4 Cush. 63; *Railroad Co.* v. *Faribault*, 23 Minn. 167; *Hickok* v. *Hine*, 23 Ohio St. 523; *Railroad Co.* v. *Philadelphia*, 9 Phila. 563; *Pennsylvania Railroad Co.'s Appeal*, 93 Pa. St. 150; *Sharon Railroad Co.'s Appeal*, 122 id. 533; *Atlanta* v. *Railroad Co.* 53 Ga. 120; *St. Paul Union Depot Co.* v. *St. Paul*, 30 Minn. 359; *Pittsburg Junction Railroad Co.'s Appeal*, 122 Pa. St. 511; *Railroad Co.* v. *Brownell*, 24 N. Y. 345.

Under a general authority to lay out highways a part of the right of way of a railroad cannot be taken longitudinally; nor can the way be laid through depot buildings and grounds, shops, and the like, which are devoted to special uses in connection with the road and necessary to its operation and in constant use in connection therewith, and which would be materially impaired or destroyed by the taking. 1 Lewis on Eminent Domain, (2d ed.) sec. 266; *Valparaiso* v. *Railroad Co.* 123 Ind. 467; *Railroad Co.* v. *Anderson*, 139 id. 490; *City Council* v. *Railroad Co.* 98 Ga. 161; *Railroad Co.* v. *New York*, 89 Hun, 429; *Railroad Co. Watertown*, 4 S. Dak. 323; *Railroad Co.* v. *Rochester*, 17 App. Div. 257; *Railroad Co.* v. *Starkweather*, 97 Iowa, 159.

P. M. Ludens, City Attorney, (L. T. Stocking, of counsel,) for appellee:

A city has constitutional and legislative authority and power to extend a street over and across the railroad tracks, right of way and land of a railroad company. Const. 1870, art. 11, sec. 14; *Railroad Co.* v. *Chicago,* 138 Ill. 453; *Railway Co.* v. *Chicago,* 140 id. 309; *Railroad Co.* v. *Chicago,* 141 id. 586; *Railway Co.* v. *Chicago,* 151 id. 348; *Railway Co.* v. *Cicero,* 154 id. 656; *Railroad Co.* v. *Pontiac,* 169 id. 155.

Where the power to exercise the right of eminent domain has been delegated to an incorporation by the legislature, the exercise of that power by the incorporation, within the scope and for the uses and purposes named in the legislative grant, will not be a proper subject for judicial interference or control unless to prevent a clear abuse of the power. *Railroad Co.* v. *Wiltse,* 116 Ill. 449.

Neither a natural person nor a corporation can claim damages on account of being compelled to render obedience to a police regulation to secure the common welfare. *Railroad Co.* v. *Railroad Co.* 105 Ill. 388; *Railway Co.* v. *Chicago,* 140 id. 309.

Mr. Justice Carter delivered the opinion of the court:

This was a condemnation proceeding begun in the county court of Whiteside county by the appellee, the city of Morrison, to ascertain the just compensation to be made for the property taken and damaged by the laying out and opening of Cherry street, of the width of sixty-six feet, across the railroad tracks, right of way and lands of the appellant, the Chicago and Nortwestern Railway Company. The appellant filed its cross-petition for damages to property not taken. The cause was heard before the court without a jury, and judgment was given for appellee and allowing appellant compensatory damages in the sum of $238, from which judgment the railroad company has appealed to this court. After the appeal was taken the appellee deposited the amount of

the judgment and costs with the clerk of the court, and filed its bond, as required by the order of the court, for the payment of any future compensation which may be awarded, and prayed an order for immediate possession, which was granted. From this order appellant prayed an appeal, which was not allowed, but it was ordered that said last order be incorporated in the bill of exceptions.

The record shows that the appellant made a motion to dismiss the petition on the ground that appellee had no power, under the law, to condemn the property of appellant for the use of a public street, for the reason that such property was already appropriated to another and different public use inconsistent with the public use of the same as a street. Evidence was introduced in support of the motion, but the motion was overruled by the court and the defendant excepted. The same question was raised by propositions which appellant requested the court to hold as law in the decision of the case, and which the court refused.

It is contended by appellant that the property sought to be condemned and used for a public street is already devoted by the railroad company to another public use, and that such use cannot co-exist with the use as a public street, and that therefore the appellee has no right to condemn the appellant's property for such use, and cases are cited from various other jurisdictions in support of this contention. The mere fact that the use by the public of the land or right of way of a railroad company as a public street crossing would be inconsistent with the particular use to which the company had put it, —as, for example, the storing of cars,—is not a sufficient reason for denying the right of condemnation to the public for its use as a street crossing. It has been repeatedly held by this court that clause 89 of section 1 of article 5 of the general City and Village Incorporation act is express authority for the extension of streets, by condemnation or otherwise, by the city authorities over and

across the tracks, rights of way and lands of railroad companies. (*Illinois Central Railroad Co.* v. *City of Chicago,* 138 Ill. 453; *Chicago and Northwestern Railway ,Co.* v. *City of Chicago,* 140 id. 309; *Illinois Central Railroad Co.* v. *City of Chicago,* 141 id. 586; *Chicago and Northwestern Railway Co.* v. *City of Chicago,* 151 id. 348.) The public and the railroad company would have the right to use the crossing jointly. In the last named case it was shown that the streets sought to be opened would cross a railroad yard occupied by many railroad tracks, used for storing cars, but the court said that "they were each 'railroad tracks,' and it cannot be important to what particular use the railroad tracks may be devoted." It was held that the deprivation of such use for storing cars was an element in the estimation of damages but not a reason for denying the right of condemnation, although the continued use of the land for such purpose would necessarily be inconsistent with its use by the public as a public crossing, and the two uses could not co-exist. *Chicago and Alton Railroad Co.* v. *City of Pontiac,* 169 Ill. 155.

In the present case the railroad lands taken by the city for street purposes are crossed by five railroad tracks. There are two platforms extending across the proposed street,—one on the north side of the tracks, about eight feet wide, made partly of concrete and partly of plank, and one on the south side, of varying width, constructed of brick and plank, and both used for the accommodation of passengers in connection with the passenger house, which is south of the tracks and west of the Cherry street extension. There also extends into this street about five feet of a cheap building, ten by eighteen feet and eight feet high, made of boards and cleated up, with no interior finish, known as an oil house, and used for the storage of lamps, oil, etc. The testimony of appellant's witnesses showed that this oil house could be located at another place with but little inconvenience to the company and that its removal would not be a serious matter; that the

platforms would have to be enlarged on the east end to give about the same platform space as there is at present; that the extension of Cherry street would not decrease the business of the company, and that it could do the same amount of business, both freight and traffic, without the employment of more men.   In *Illinois Central Railroad Co.* v. *Town of Normal,* 175 Ill. 562, the proposed street across the railroad company's right of way cut in two a car house or outhouse and necessitated the removal of a section house that stood in the street sought to be opened, and it was there contended that the property had already been appropriated to a public use and was exempt from condemnation, but the contention was not sustained.

It is a question of fact whether the laying out and opening of a public street across the tracks and grounds of a railroad company would so materially interfere with the proper and necessary use of the same by the company as to be inconsistent with it, so that both uses could not co-exist.   (*Winona and St. Paul Railway Co.* v. *Watertown,* 4 S. D. 323; 56 N.W. Rep. 1077.)   As has been shown above by the evidence, the railroad company would be put to some inconvenience by the opening of Cherry street across its tracks and would have to re-build part of its platforms and remove its oil house, but would suffer no diminution in its business, nor would any additional force of men be necessary.   For such damages a money compensation could be awarded.   We do not find any other inconvenience arising to the appellant beyond that necessarily attendant upon the opening of a street across its railroad tracks.   The rulings of the court below on the motion to dismiss and the propositions of law were correct.

It is further contended that there is no evidence showing any necessity for the extension of this street.   In *Chicago and Northwestern Railway Co.* v. *Town of Cicero,* 154 Ill. 656, we said (p. 658): "The location of new streets or

the extension of old streets is a matter committed by the legislature of the State to the local authorities of the town. It could only be an extreme case of oppression or outrage that would justify interference by the court." And in *Chicago and Alton Railroad Co.* v. *City of Pontiac, supra*, we said (p. 164): "Unless there has been an abuse of power on the part of the city council in passing an ordinance for local improvements the courts are powerless to interfere." No abuse or oppression has been shown in this case.

It is next contended that the court erred in refusing to hold as law appellant's propositions that appellee could not compel it to build, construct or maintain a crossing over its tracks or keep gates or flagmen at said crossing, and that it had a right to compensation for doing these things. This same contention was raised by the appellant in *Chicago and Northwestern Railway Co.* v. *City of Chicago*, 140 Ill. 309, and after full consideration of the authorities it was not sustained. See, also, *Lake Shore and Michigan Southern Railway Co.* v. *City of Chicago*, 148 Ill. 509; *Chicago, Burlington and Quincy Railroad Co.* v. *City of Chicago*, 149 id. 457; *Chicago and Alton Railroad Co.* v. *City of Pontiac, supra.*

It is further contended that the damages allowed were inadequate. By the testimony of appellant's own witnesses it was shown that the cost of extending the platforms, removing the oil house and moving a frog which would have to be moved, would not exceed $215. The court awarded $238 damages. The evidence as to the damages sustained by the company by reason of the inconvenience and increased difficulty of handling its trains and business on account of the opening of the street was conflicting. No more men would be required and its business would suffer no loss. No damages could be allowed appellant on account of being compelled to render obedience to police regulations to secure the common welfare. (See cases above cited.) The court, sit-

ting as a jury, heard the evidence, saw the witnesses and weighed their conflicting statements, and the amount allowed is not palpably against the weight of the evidence.

No error appearing, the judgment must be affirmed.

*Judgment affirmed.*